```
        IN THE UNITED STATES DISTRICT COURT
     FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                   AT CHARLESTON
```

UNITED STATES OF AMERICA

v.                                    CRIMINAL NO. 2:03-00205-02

TOMMY MARCUM

## MEMORANDUM OPINION AND ORDER

Pending before the court is defendant's letter form motion to enforce restitution payment schedule. (ECF No. 264). Defendant was ordered to pay restitution in the amount of $300,000.00, jointly and severally with his co-defendant, Wanda Marcum. Ms. Marcum filed the motion on behalf of her husband. According to the letter, the government seeks to increase the amount of Mr. Marcum's payments to $250.00 per month.

In order to aid the court in resolving defendant's motion, the government was directed to file a response to that motion no later than July 31, 2020.

On July 28, 2020, the government filed its response pursuant to the court's order. See ECF No. 269. As was the intent behind the court's order, the government's response shed some light on what had transpired between the Marcums and the government.

According to the government, in April of this year, the Financial Litigation Unit (FLU) of the United States Attorney's Office had been in negotiations with Mr. Marcum regarding a change to his monthly payment amount. The government asserts that, pursuant to those discussions, a proposed Installment

Agreement was provided to Mr. Marcum. Apparently, Mr. Marcum never signed that Installment Agreement nor has he made any further payments regarding his restitution obligation since those negotiations. Mrs. Marcum's letter on behalf of Mr. Marcum was sent to the court during this timeframe. Furthermore, Mrs. Marcum has continued to make phone inquiries of the court regarding that letter.

The government takes issue with Ms. Marcum's ability to write the court on behalf of her husband in the first place because she is neither his attorney nor his representative. The court is aware that Wanda Marcum is not Mr. Marcum's attorney. However, the presentence investigation report from more than fifteen years ago indicated that Mr. Marcum had a limited ability to read and write. The court assumed, for the limited purposes of directing a government response, that Mrs. Marcum was acting at the behest of her husband. To the extent that letter form motion (ECF No. 264) seeks relief from the court, it is **DENIED.**

The United States now seeks a court order permitting a judgment debtor examination of Mr. Marcum in order to collect the outstanding restitution. That motion is **GRANTED**. The court will set the time for such an examination by separate order. Should the parties resolve this matter before the debtor examination is scheduled, they should notify the court.

The Clerk is directed to send a copy of this Order to counsel of record, defendant, and the Probation Office of this court.

IT IS SO ORDERED this 10th day of August, 2020.

ENTER:

David A. Faber
Senior United States District Judge